Richard L. WILISCH, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–733.

United States Court of Veterans Appeals.

Submitted June 3, 1991.

Decided Feb. 12, 1992.

James E. Nelson, Huntington, W.Va., was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Andrew J. Mullen, Deputy Asst. Gen. Counsel, David W. Engel, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Associate Judges.

IVERS, Associate Judge:

Appellant, Richard L. Wilisch, appeals from an April 3, 1990, Board of Veterans' Appeals (BVA or Board) decision which upheld the denial for service connection for a back disorder. Appellant has attempted to reopen his claim which was previously denied by a November 14, 1984, BVA decision. The Board treated the evidence submitted as new and material and reopened appellant's claim even though the Board considered the evidence as cumulative. The Court finds that *Thompson v. Derwinski*, 1 Vet.App. 251 (1991) and *Kehoskie v. Derwinski*, 2 Vet.App. 31 (1991), control the facts in this case. Therefore, the decision of the Board is affirmed.

## I. BACKGROUND

Appellant served in the United States Army, from December 31, 1941, to September 14, 1945. Appellant first filed a claim for a back and leg condition with the Veterans' Administration (now Department of Veterans Affairs) (VA) on April 21, 1949. R. at 71–73. Appellant's claim was denied on April 25, 1949. R. at 74. Appellant's claim was re-evaluated after a May 6, 1955, VA examination, but he was again denied service connection on May 25, 1955. R. at 90–91. Appellant attempted to reopen his claim by filing a Report of Medical Examination for Disability Evaluation form on September 19, 1956. R. at 95. A rating decision, dated October 15, 1956, denied service connection for appellant's back condition. R. at 100. The rating board found that the "herniated disc syndrome (if present) was not incurred in or aggravated by [appellant's] military service." R. at 101. The congenital deformity of appellant's lumbo-sacral spine, which was found during the VA examination was also not service-connected. *Id.*

Appellant did not attempt to reopen his claim again until April 22, 1976. A rating decision, dated May 14, 1976, confirmed and continued the October 15, 1956, rating decision which previously denied his claim. R. at 107. Appellant underwent a VA orthopedic examination on September 14, 1976. R. at 119. The examination was followed by two rating decisions, dated October 14, 1976 and November 23, 1976. The October 14, 1976, rating decision continued to deny service connection for appellant's back. R. at 123. The November 23, 1976, rating decision, granted appellant a non-service-connected pension. R. at 131. Appellant appealed the October 14, 1976, rating decision to the BVA. The Board, upheld the previous denial in an April 22, 1977, BVA decision. R. at 137–142.

Appellant, over the years has continued to try to obtain service connection for his back condition. He was again denied that relief by a BVA decision, dated November 23, 1981, R. at 215–223, and by a BVA decision, dated November 14, 1984. R. at 270–278. Appellant's current appeal stems from a deferred or confirmed rating decision, dated August 24, 1988, which denied service connection for appellant's back condition. R. at 300. Appellant filed a Notice of Disagreement on April 18, 1989, in response to the August 1988 rating decision. On April 3, 1990, the BVA upheld the denial. Appellant made a timely appeal to this Court. The Court has jurisdiction to hear

this appeal pursuant to 38 U.S.C. § 7252 (formerly § 4052).

## II. ANALYSIS

 In determining whether to reopen a previously disallowed claim, the Board must follow the "two-step" analysis elaborated in *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). The Board must first determine whether the evidence is "new and material," *38 U.S.C. § 5108 (formerly § 3008)*, and then, if the Board determines that the evidence is "new and material," the case is reopened and the Board "must evaluate the merits of [appellant's] claim in light of *all* of the evidence, both new and old." *Manio*, 1 Vet.App. at 145.

 Here, appellant submitted only service medical records which were already part of his claims file and were thus, clearly cumulative. R. at 299. In its review of the claim, the Board stated:

> The additional evidence submitted, since the decision in November 1984, primarily consists of a recapitulation of [appellant's] contentions previously advanced, and the inclusion of original service medical records in the claims folder. The copies of those records have been considered in the prior decisions by the Board. There is nothing in the "new" evidence which reflects that [appellant] had a chronic back disorder during service or at the time of his separation therefrom.

*Richard L. Wilisch*, BVA 90–07850, at 6 (Apr. 3, 1990). The Board should have ended its analysis here, stating that since the newly submitted evidence was cumulative, and therefore not new and material, appellant's claim could not be reopened. However, instead, the Board reopened appellant's claim and evaluated the evidence already in his claims file. The Board stated:

> His contentions have been thoroughly and sympathetically evaluated. Unfortunately, the evidence does not support a favorable decision.
>
> The negative examination findings on service separation coupled with the absence of evidence reflecting the existence of a chronic back disorder for many years after service do not support a grant of service connection for a back disorder. It is the judgment of this Board that [appellant's] back complaints in service were acute and resolved without residuals, and that a chronic back disorder with osteoarthritis was not shown until many years after his service discharge. Accordingly, the Board concludes that the evidence added to the record subsequent to the Board's decision in November 1984, does not support a conclusion that [appellant] has a chronic back disorder which is related to service.

*Wilisch*, BVA 90–07850, at 6.

The Court finds that the evidence submitted was not new and material. *See Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991) ("[n]ew evidence is not that which is merely cumulative of other evidence on the record." (citation omitted)). The Court also finds that there was no administrative error alleged to have occurred during the adjudication of appellant's claim at the agency of original jurisdiction. *See Bentley v. Derwinski*, 1 Vet.App. 28, 30–32 (1990) (prejudicial failure to follow the requirements of a regulation constitutes, as a matter of law, clear and unmistakable error); *Akins v. Derwinski*, 1 Vet.App. 228 (1991) (failure to apply a regulation giving rise to a factual presumption can prove the evidentiary basis for reopening a claim). Therefore, it was inappropriate for the Board to reopen appellant's claim. As stated in *Kehoskie*, 2 Vet.App. 31, at 34,

> Since no new and material evidence was submitted, this claim should not have been reopened. If it was, which is not entirely certain, even though the language of the Board's decision suggests that the claim was reopened, the reopening inured to the benefit of appellant. However, in the Board's ensuing review process, reopening the claim was inappropriate and, had an error been alleged, such error would be considered harmless. *See* 38 U.S.C. § 7261(b); *Thompson*, [1 Vet.App. 251, at 254].

194

## III. CONCLUSION

Therefore, because the Court finds that appellant did not submit new and material evidence to reopen his claim, the decision of the Board is AFFIRMED.