Jovita M. ESPIRITU, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–452.

United States Court of Veterans Appeals.

Submitted March 31, 1992.

Decided June 19, 1992.

Jovita M. Espiritu, pro se.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Deborah W. Singleton, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

KRAMER, Associate Judge:

Appellant, seeks Dependency and Indemnity Compensation (DIC) under 38 U.S.C. § 1310 (formerly § 310). She appeals a January 19, 1990, decision of the Board of Veterans' Appeals (BVA) which denied her spouse, a deceased veteran, entitlement to service connection for the cause of his death on the grounds that the "evidence since the prior [BVA] decision does not establish a new factual basis warranting service connection for the cause of the veteran's death." *Jovita VDA De Espiritu,* BVA 90–02159, at 5 (Jan. 19, 1990).

I.

Factual and Procedural Background

The veteran served on active duty from July 1943 to September 1945, during which time he received shrapnel wounds to the left buttock, left back, left leg, and ankle, and to the right thigh and leg. R. at 72. In 1951, the veteran was awarded a cumulative 60% service-connected disability rating for all of these wounds. *Id.* The veteran died on August 13, 1971. A death certificate indicates that the cause of death was septicemia (blood poisoning) and abscesses of the buttock. Supplemental Record (S.R.) at 1.

In August 1971, appellant filed a claim for DIC that was denied by the Veterans' Administration (now Department of Veterans Affairs) (VA) in January 1972. R. at 36, 64. Appellant appealed to the BVA and on March 12, 1973, the BVA denied appellant's spouse entitlement to service connection for the cause of his death, asserting that, "the medical data of record does not reveal a reasonable association between the service-connected disabilities and the veteran's death." R. at 74.

On November 25, 1989, appellant reopened her claim. R. at 75–78. In support of her claim, she submitted the following as new and material evidence: (1) a copy of a different death certificate containing information identical to that which had been previously submitted with her first claim in August 1971 (Item One); (2) a physician's statement dated July 12, 1971, that diagnosed the veteran as having bilateral cataracts, moderate anemia, partial deafness, generalized arthritis, and neurocirculatory asthenia (loss of strength) (Item Two); (3) a letter to the "U.S. Veterans Administration", dated February 12, 1973, from an unnamed lay neighbor of the veteran stating that the veteran died from "pulmonary tuberculosis[,] bronchial asthma[, and] sep-

ticemia .. [.] due to infection of old shrapnel wounds" (Item Three); (4) a statement, dated April 11, 1973, from Pilar Nacionales, a nurse, asserting that "the cause of death of the late veteran Jose Espiratu was *not* due to service-connected disability ..." (emphasis added) (Item Four); (5) a joint affidavit, dated December 29, 1988, from two lay neighbors of the veteran who were present at the time of his death, stating that the veteran's death was due to septicemia and multiple buttock abscesses (Item Five). S.R. at 1–7. The VA Regional Office (RO) again denied her claim and appellant filed her appeal to the BVA. R. at 87.

Upon reviewing this evidence, the BVA affirmed the RO decision and stated:

> Service connection for the cause of the veteran's death was denied by a panel of the Board of Veterans [sic] Appeals in 1973; this decision was final. That decision held, in essence, that the veteran's service-connected shrapnel wounds did not cause substantially or materially contribute to the cause of his death, nor was any other disorder of service origin in any way responsible for the veteran's death.
>
> While we appreciate the sincerity of the appellant's belief that the veteran's service-connected problems should somehow be held responsible for his death, the evidence provided since the prior [BVA] decision does not establish a new factual basis warranting service connection for the cause of the veteran's death. The evidence submitted since the previous decision is primarily a duplication of that previously of record including a reiteration of the appellant's contentions. Since the substance of this evidence was available at the time of the 1973 determination by another panel of this Board, it is not new as that term is employed under the governing law and regulations.

*De Espiritu*, BVA 90–02159, at 5. Appellant appealed to this Court.

## II.

### Analysis

■ To reopen a denied claim, new *and* material evidence must be produced by the claimant. *Manio v. Derwinski.* 1 Vet.App. 140, 145 (1991); *Oppenheimer v. Derwinski,* 1 Vet.App. 370, 371 (1991); 38 U.S.C. §§ 5108 (formerly § 3008), 7104(b) (formerly § 4004). In order to be considered new, evidence must not merely summarize or repeat evidence submitted in previous proceedings. *See Wilisch v. Derwinski,* 2 Vet. App. 191, 193 (1992); *see also Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). New evidence is considered material when "it is relevant and probative of the issue at hand." *See Colvin* at 174 (1991).

■ Based on these legal principles, Item One is clearly repetitive evidence and, hence, not new. While new, Items Two and Four are not relevant and probative, and, hence, are not material evidence. *See De Espiritu,* at 3. Item Two is not relevant in that it has no bearing on the cause of the veteran's death. Item Four is not probative in that it states that the veteran's death was *not* due to service-connected disability.

Although Items Three and Five contain statements that might be considered material in so far as they causally link the veteran's death to his service-connected conditions, these statements are provided by the veteran's lay neighbors, who are ostensibly untrained in medicine. A layperson can certainly provide an eye-witness account of a veteran's visible symptoms. *See, e.g., Caldwell v. Derwinski,* 1 Vet. App. 466, 469 (1991) (competent lay evidence concerning manifestations of a disease may form the basis for an award of service connection where a claimant develops a chronic disease within a presumptive period but has no in-service diagnosis of such disease). However, the capability of a witness to offer such evidence is different from the capability of a witness to offer evidence that requires medical knowledge such as a diagnosis as to the cause of a veteran's death.

The Court notes that the United States Court of Appeals for the District of Columbia, in *Frye v. United States,* 293 F. 1013, 1014 (1923), quoted with approval the following:

The rule is that the opinions of experts or skilled witnesses are admissible in evidence in those cases in which the matter of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it, for the reason that the subject-matter so far partakes of a science, art, or trade as to require a previous habit or experience or study in it, in order to acquire a knowledge of it. *When the question involved does not lie within the range of common experience or common knowledge, but requires special experience or special knowledge, then the opinions of witnesses skilled in that particular science, art, or trade to which the question relates are admissible in evidence.*

(Emphasis added.) This rule is recognized in Rule 702 of the Federal Rules of Evidence, which requires that "scientific, technical, or other specialized knowledge", must be provided by "a witness qualified as an expert by knowledge, skill, experience, training, or education." *See, e.g., Van Blargan v. Williams Hospitality Corp.*, 754 F.Supp. 246 (1991); *Olsen v. Realty Hotel Corp.*, 210 F.2d 785, 786–87 (2nd Cir.1954); *Bratt v. Western Air Lines*, 155 F.2d 850, 853 (10th Cir.1946).

While this Court does not conclude here that there is no case in which a lay witness may offer probative evidence on a matter normally regarded to be the province of an expert, suffice it to say that, in this case, the lay neighbors of the veteran are not capable, on the facts presented, of providing a probative diagnosis as to the cause of the veteran's death and, hence, this evidence is not material.

### III.

#### Conclusion

Since appellant failed to submit evidence that was both new and material, the BVA's failure to correctly analyze such evidence under the definitions set forth in *Manio* and *Colvin*, was harmless error. *See Godwin v. Derwinski*, 1 Vet.App. 419, 424–25 (1991). Therefore, the motion of the Secretary of Veterans Affairs for summary af-

firmance is granted and the decision of the BVA is AFFIRMED.