Crawford E. MOSELY, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–953.

United States Court of Veterans Appeals.

Submitted April 23, 1992.

Decided July 29, 1992.

Eugene C. Black, Jr., Albany, Ga., was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Michael A. Leonard, Washington, D.C., were on the pleadings, for appellee.

Before KRAMER, FARLEY and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant appeals a February 7, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for cervical spine disorder, bilateral shoulder disorder, and degenerative disc disease of the lumbar spine. We affirm the BVA decision because there is a "plausible" basis in the record for the factual determinations of the BVA. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990).

Mosely served on active duty from February 1953 to December 1954. His induction examination showed no defects. In October 1953, he was hit on the forehead by a board which fell while he was putting up a tent. The service medical records show that he complained of headaches for several days. In August and October 1954, he was treated for lower back pain. Mosely reported that he had initially strained his back while lifting rocks about a year earlier. In March 1955, the Veterans' Administration (now Department of Veterans Affairs) (VA) granted Mosely service connection for lumbo-sacral strain with a rating of 10%.

In January 1990, Mosely claimed that his service-connected lumbo-sacral disorder had gotten worse and asked that his cervical spine disability (including neck and shoulders) be considered for service connection. He submitted private medical records from 1957 to 1978 which showed that he had complained of headaches with dizziness prior to September 1957. X-ray reports from the VA were also submitted which showed that his lumbo-sacral spine showed degenerative changes in 1989. The VA Regional Office (RO) denied service connec-

tion for the cervical spine disability involving the neck and shoulders because no injury involving the neck and shoulders was shown in service. Service connection for the degenerative changes in his lumbo-sacral spine was denied because x-rays taken over the years did not show degenerative changes until 1989, some thirty-five years after the period of service.

On April 20, 1990, Mosely filed a Notice of Disagreement stating that he was told at the time of his injury to the forehead that he had suffered whiplash and that it was the cause of his neck and shoulder problem. On February 7, 1991, the BVA denied service connection for a cervical spine disorder, a bilateral shoulder disorder, and degenerative disc disease. While recognizing that osteoarthritis of the cervical spine and degenerative disc disease of the lumbar spine had recently been diagnosed, the lack of any notation in the service medical records and medical records made shortly after service meant that the "required etiological link between such disabilities and the veteran's period of active service is absent." *Clifford E. Mosely*, BVA 91–04087 (Feb. 7, 1991). The Board also pointed out that a shoulder disability had never been diagnosed in any of the evidence of record. Appellant filed a timely notice of appeal to this Court.

"It is *not* the function of this Court to decide whether a veteran was injured ... in ... military service; rather it is the function of this Court to decide whether such factual determinations made by the BVA in a particular case constituted clear error." *Gilbert*, 1 Vet.App. at 53. "[I]f there is a 'plausible basis' in the record for the factual determinations of the BVA ... we cannot overturn them." *Id.*

The only opinion in the record on appeal which connects the forehead injury with appellant's current cervical spine condition is appellant's own opinion. That is the sort of connection which must be made by an expert witness, in this case, a physician. *See Espiritu v. Derwinski*, 2 Vet.App. 492, 494–95 (1992). There is no diagnosis of a shoulder disability in the record. And, as pointed out by the BVA, degenerative disc

disease of the lumbo-sacral spine was first shown by x-ray evidence in 1989 long after the appellant's period of service. The BVA decision is plausible and must be AFFIRMED.