Helyn BELLAVANCE, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary
of Veterans Affairs, Appellee.

No. 91–980.

United States Court of Veterans Appeals.

Oct. 29, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, widow of World War II veteran Leo R. Bellavance, appeals from an April 12, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected death compensation for the veteran's death, which the appellant claims was due to service-connected disability. *Helyn Bellavance in the case of Leo R. Bellavance*, BVA 91–11695 (Apr. 12, 1991) (*Bellavance*). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Board's decision will be affirmed.

## I. BACKGROUND

The veteran served on active duty in the United States Navy from January 17, 1944, to May 15, 1946. R. at 34. His service records reveal no physical or mental disabilities. R. at 1–20. On December 13, 1953, he died from a self-inflicted gunshot wound, which the death certificate indicates was accidental. R. at 22. In February 1954, the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) received an application, signed by the appellant and dated December 21, 1953, for service-connected death compensation benefits. R. at 23–26; *see* 38 U.S.C. § 1121 (formerly § 321) (providing entitlement to compensation to surviving spouse of veteran who died before January 1, 1957, as the result of injury or disease incurred in or aggravated by service during period of war). In an April 4, 1954, decision, the RO denied benefits, concluding that the cause of the veteran's death was not service connected. R. at 27. The record includes a copy of a letter, dated April 14, 1954, addressed to the appellant at the address listed on her application for benefits (*see* R. at 23), informing her of the April 4 decision. R. at 28. The appellant did not file a Notice of Disagreement (NOD) with that decision within one year after the April 14, 1954, notice of the decision.

The record contains an application, dated August 17, 1989, for service-connected death benefits, asserting that the veteran's death had been due to a service-connected disability (malaria) which had caused him temporarily to lose control of his reasoning. R. at 30–33. In an October 19, 1989, letter, the RO advised the appellant that she had been informed in April 1954 of the denial of her claim, that her right to appeal that denial had expired on April 15, 1955, and that her claim could be reopened only upon the submission of new and material evidence of service connection of the veteran's cause of death. R. at 39. In an October 23, 1989, letter to the RO, the appellant stated that she had never received the April 14, 1954, letter, and had no knowledge of any claim having been submitted in 1954, and thus could not have filed an appeal within one year of the April 1954 decision. R. at 40. In her December 1989 VA Form 1–9, Appeal to the BVA, she reiterated that she had not received notice of the April 1954 RO decision, and stated: "I do not challenge the Postal Service that the letter may well have been delivered, but the address was a multi-family dwelling, and [the letter] may have been intercepted and destroyed by others. My Mother-in-law ... was a source of malcontent". R. at 46.

On March 1, 1990, the appellant and her son testified under oath at a personal hearing before the RO that they believed that the veteran had suffered from malaria or meningitis due to his service, which had caused him to take his life. R. at 48–57.

The appellant further testified that in April 1954 she had resided at the address to which the RO had mailed the April 14, 1954, letter, and had shared a mailbox at that address with her mother-in-law and sister-in-law. R. at 54.

## II. ANALYSIS

### A.

■ In its April 1991 decision, the BVA stated the sole issue to be decided as the "[t]imeliness of appeal of an April 5, 1954, rating decision by the agency of original jurisdiction". *Bellavance*, BVA 91–11695, at 1. The Board noted that the original copy of the April 14, 1954, letter to the appellant had been sent to the appellant's then correct address and had not been returned to the RO as undeliverable. *Id.* at 3. The Board stated:

> The claimant did not timely file [an NOD] with the April 5, 1954, rating decision by the originating agency which denied entitlement to service connection for the cause of the veteran's death. The contention that the claimant never originally filed a claim for service connection for the cause of the veteran's death, or that she never received notification of the denial of such claim is not corroborated or substantiated by the evidence of record. The claimant has not provided sufficient evidence to justify a belief by the Board that her claim is well-grounded.

*Id.* at 3–4.

In order to initiate appeal of an RO decision, a claimant must file an NOD "within one year from the date of mailing of notice of the result of initial review or determination". 38 U.S.C. § 7105(b)(1) (formerly § 4005); *see* 38 U.S.C. § 7105(a) (formerly § 4005); 38 C.F.R. § 19.129(a) (1991). If an NOD is not filed within that period, "the action or determination shall become final and the claim may not thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with [title 38, U.S.Code]." 38 U.S.C. § 7105(c) (formerly § 4005).

Here, the Board concluded that notice of the initial denial of the claim by the RO had been mailed to the appellant on April 14, 1954, and that the appellant did not file an NOD within one year after that date. Therefore, the Board concluded, the claim became final, pursuant to 38 U.S.C. § 7105(c), on April 15, 1955. Pursuant to 38 U.S.C. § 7261(a)(4) (formerly § 4061), the Court reviews BVA factfinding under a "clearly erroneous" standard; "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, we cannot overturn them". *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). The Court holds that the Board's conclusions are not subject to reversal as clearly erroneous findings of fact because there is a plausible basis in the record for them.

### B.

■ The Secretary has discretionary authority to extend the time limit for filing an NOD. As noted above, section 7105(c) provides that when an NOD is not timely filed, the claim shall become final and may not thereafter be reopened or allowed "except as may otherwise be provided by regulations not inconsistent with [title 38]." Pursuant to his regulation-writing authority, 38 U.S.C. § 501(a), the Secretary has promulgated 38 C.F.R. § 3.109(b) (1991), which provides in part: "Time limits within which claimants or beneficiaries are required to act to perfect a claim or challenge an adverse VA decision may be extended for good cause shown." In the present case, the only grounds offered by the appellant that might support a "good cause" extension of the NOD filing deadline are her allegations that she had never originally filed a claim in 1954 and that she had never received notification of the denial of such a claim. In its April 1991 decision, however, the Board rejected those contentions on the ground that they were "not corroborated or substantiated by the evidence of record". *Bellavance*, BVA 91–11695, at 3–4. Although the Board did not specifically refer to section 3.109(b), or the "good cause" standard, it clearly rejected

as unsupported the only facts asserted by the appellant that could conceivably support a discretionary "good cause" extension of the NOD filing deadline, and concluded that the appellant's claim was not well grounded. Therefore, there is no prejudicial error in the Board's failure to discuss its findings in terms of the discretionary "good cause" extension provisions of section 3.109(b). *Cf. Corry v. Derwinski,* 3 Vet.App. 231, 234–35 (1992) (no error in failure to address "good cause" provisions of section 3.109(b)); *but cf. id.* at 240–41 (Steinberg, J., dissenting) (BVA erred by failing to address appellant's contentions that mental disability prevented filing of timely NOD).

### C.

 Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously and finally disallowed claim must be reopened by the Secretary when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C. § 7104(b) (formerly § 4004); *Jones (McArthur) v. Derwinski,* 1 Vet.App. 210, 215 (1991); *Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). Evidence is new if it is not "merely cumulative" of evidence already in the record. *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). Evidence is "material" if it is "relevant and probative" and there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992); *Godwin v. Derwinski,* 1 Vet.App. 419, 424 (1991); *Colvin, supra.* In its April 1991 decision, the Board failed to consider whether the appellant had submitted new and material evidence to reopen her claim, which had been previously and finally denied in 1954. However, the determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors, supra; Jones,* 1 Vet.App. at 213; *Colvin, supra.* Having undertaken such review, the Court holds, for the following reasons, that the appellant

has not submitted new and material evidence to reopen her claim.

 The only evidence submitted since the prior final RO decision in 1954 is the sworn testimony of the appellant and her son that they believed that the veteran had suffered from malaria or meningitis due to his service and that these diseases ultimately had led to his death. However, a lay witness is not competent to offer evidence that requires medical knowledge, such as a diagnosis of a medical condition or of the cause of a veteran's death. *Espiritu v. Derwinski,* 2 Vet.App. 492, 494 (1992). Therefore, that testimonial evidence is without probative value. Because there was no new and material evidence, the veteran's claim should not have been reopened, and any error attendant on the BVA's denial of the claim in April 1991 was harmless error. *See* 38 U.S.C. § 7261(b) (formerly § 4061); *Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1992); *Godwin,* 1 Vet. App. at 425; *Thompson v. Derwinski,* 1 Vet.App. 251, 254 (1991).

### III.   CONCLUSION

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for summary affirmance, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert, supra.* The Court grants the Secretary's motion for summary affirmance and summarily affirms the April 12, 1991, BVA decision.

AFFIRMED.