**Linda L. BARFIELD, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–10.**

United States Court of Veterans Appeals.

April 5, 1993.

Linda L. Barfield, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Barbara J. Finsness were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Linda L. Barfield, appeals from a November 19, 1991, decision of the Board of Veterans' Appeals (BVA). The BVA concluded that appellant had submitted no new and material evidence to reopen her claim for service connection for the cause of her veteran husband's death, alcoholic liver disease. The appellant filed an informal brief. The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance of the BVA decision. The Court affirms the BVA decision.

The veteran served on active duty in the United States Coast Guard from June 1961 to June 1982. He was diagnosed with chronic alcoholism during service. R. at 77. In 1986, he was diagnosed with severe alcoholic liver disease. The veteran died on April 6, 1987; the death certificate lists the cause of death as sepsis, resulting from peritonitis, as a consequence of liver disease. R. at 173. In April 1988, and again on reconsideration in December 1988, the BVA denied appellant's claim for service connection for the cause of the veteran's death. R. at 176, 182. In 1991, appellant attempted to reopen her claim. After remand from an April 1991 BVA decision, the Department of Veterans Affairs (formerly Veterans' Administration) (VA) Regional Office (RO) ruled that appellant had not submitted any new and material evidence and declined to reopen her claim. R. at 228. The BVA subsequently affirmed the RO's 1991 action in the decision now before the Court.

The law provides that when new and material evidence is presented or secured with respect to a claim which has been disallowed, "the Secretary shall reopen the claim and review the former disposition of the claim." 38 U.S.C.A. § 5108 (West

1991). This Court reviews issues of whether an appellant has submitted "new and material" evidence on a de novo basis. *Colvin v. Derwinski,* 1 Vet.App. 171 (1991). Material evidence is "relevant and probative of the issue at hand," and new evidence is that which is not "merely cumulative of other evidence on the record." *Id.* at 174. Here, the evidence submitted by appellant is immaterial to the issue of service connection.

In her attempt to reopen her claim for service connection for the cause of the veteran's death, appellant submitted a 1981 medical and psychological examination record which confirmed the diagnosis of alcoholism during service. The report did not address the subject of liver disease in any way. Furthermore, the information in the report was previously before the BVA. "That the veteran was treated for alcoholism in service was also a fact already known to the [BVA] in 1988." *Linda L. Barfield,* BVA 91–37282, at 4 (Nov. 19, 1991). The Court holds, accordingly, that this information is not new and material evidence to warrant reopening her claim.

The appellant also iterates her personal belief that her husband's death was a result of his alcoholism. R. at 232. The Court notes that her opinion is that of a lay witness and that she is not competent to opine as to the medical cause of her husband's death. *Espiritu v. Derwinski,* 2 Vet.App. 492 (1992).

Without intimating any view on whether chronic alcoholism could be held service connected, the Court concludes that the BVA's refusal to reopen the claim must be affirmed. Upon consideration of the pleadings of the parties and the record on appeal, the Court holds that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal of the BVA's decision. *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990).

Therefore, the Secretary's motion for summary affirmance is GRANTED. The decision of the BVA is AFFIRMED.