**Hlbem T. E–FARAHJI, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–526.**

United States Court of Veterans Appeals.

July 2, 1993.

Before KRAMER, Judge.*

KRAMER, Judge:

Appellant, Hlbem T. E–Farahji, appeals a July 15, 1991, decision of the Board of Veterans' Appeals (BVA) granting compensable evaluations of 10% each for right and left iliac crest donor site bone graft scars. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

The Court has reviewed the record on appeal and the filings of the parties. Appellant appears to be basing his appeal for a higher disability rating on the argument that insufficient weight was given to Dr. White's findings. Br. at 3. The Court notes that Dr. White's findings are not of record, and that the only evidence relating to them are lay statements from appellant (R. at 19) and his representative (R. at 22) which purport to summarize such findings. Lay statements are insufficient to establish a medical diagnosis; for that, expert evidence is required. *See Espiritu v. Derwinski,* 2 Vet.App. 492, 494–95 (1992). In addition, the Court further notes that even assuming that the summaries are an accurate reflection of Dr. White's findings, they are not necessarily inconsistent with the findings of a more recent Department of Veterans Affairs compensation and pension examination (conducted subsequent to ap-

* Note: This single-judge disposition is of no precedential value. *See Bethea v. Derwinski,* 2 Vet. App. 252, 254 (1992).

pellant's statement regarding Dr. White's findings) describing appellant's scars as "slightly tender." R. at 28. Finally, the Court notes a statement from Dr. Carmelino Galang, appellant's private doctor, which indicates that the area surrounding the scars "has ... mild tenderness." S.R. at 1.

■ Although the issue of duty to assist was not raised by appellant, the Court concludes that while the BVA breached its duty by failing to obtain Dr. White's records, such failure was harmless error in light of the fact that, as discussed above, even if the records were obtained, they would not provide a basis to overturn the BVA's decision. *See* 38 U.S.C.A. § 7261(b) (West 1991); *Culver v. Derwinski,* 3 Vet. App. 292, 299 (1992).

■ Based on the evidence of record, the Court cannot conclude that the findings of the BVA regarding appellant's degree of disability are clearly erroneous. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990). The Court grants the Secretary's motion and affirms the BVA decision.