O’MALLEY, Circuit Judge,
dissenting.
I dissent from the Court’s judgment because I find the rationale used to justify it both unsupported by the record and inconsistent with this Court’s binding case law. While the majority strains to characterize the findings of the Veterans Court and those of the Board before it as consistent with 38 U.S.C. § 5107(b) and our case law interpreting that mandate, the majority’s efforts fail. Though it tries mightily, the majority cannot rewrite the decisions below.
I
The Board was wrong to conclude that the Kings’ lay testimony was neither competent nor probative of the question of medical causation. The Veterans Court was wrong to affirm the Board’s treatment of that evidence.
As the majority concedes, “[t]he governing statute, regulation, and our precedent make clear that competent lay evidence may be used to establish a medical condition, including causation.” Majority at 8. We consistently have made clear that “lay evidence is one type of evidence that must be considered” and that “competent lay evidence can be sufficient in and of itself,” to prove medical causation. Buchanan v. Nicholson, 451 F.3d 1331, 1335 (Fed.Cir. 2006) (emphasis added). We also have held that the Board’s failure to consider competent lay evidence is “a legally untenable interpretation of the ... [governing] statutory and regulatory provisions.... ” Id. at 1336.
Notwithstanding the clear directive set forth in the statute, regulation, and our holding in Buchanan, we repeatedly have had to reverse the Veterans Court for endorsing the Board’s failure to even consider competent lay evidence when considering medical causation. In Jandreau v. Nicholson, we reversed the Veterans *1347 Court because it held that “competent medical evidence is required ... [when] the determinative issue involves either medical etiology or a medical diagnosis.” 492 F.8d 1372, 1374 (Fed.Cir.2007) (quotation marks and citation omitted). We pointed out that this holding was untenable under and “inconsistent with our decision in Buchanan ...” Id. at 1376. In Davidson v. Shinseki, we once more emphasized that lay evidence may be sufficient to establish a diagnosis of a medical condition and reemphasized our explicit rejection of the Veterans Court’s contrary view in Buchanan and Jandreau. 581 F.3d 1313, 1316 (Fed.Cir.2009). As the majority concedes, we were again forced to reverse the Veterans Court in Davidson.
Here, the Veterans Court and the Board persist in their disregard of the governing law. In its opinion, the Board states:
The only other evidence of record supporting the Veteran’s claim is his own opinion, as indicated in his October 2004 Travel Board hearing testimony, and that of his spouse, contained in a statement received in December 1998, with similar contentions. Neither individual, however, has been shown to possess the requisite medical training, expertise, or credentials needed to render a diagnosis or a competent opinion as to medical causation. Accordingly, this lay evidence does not constitute competent medical evidence and lacks probative value.
In re King, No. 98-08 643A (Bd.Vet.App. Feb. 27, 2009) (emphasis added). It is difficult to understand how the Veterans Court endorsed that treatment of the Kings’ lay evidence in the face of Buchanan, Jandreau, and Davidson.[1] Remarkably, the Board failed to cite any of these cases; rather, it instead, relied on two Veterans Court cases with contrary holdings that preceded Buchanan and Jandreau. See Espiritu v. Derwinski, 2 Vet. App. 492, 494-95 (1992); Routen v. Brown, 10 Vet.App. 183, 186 (1997), aff'd on other grounds, 142 F.3d 1434 (Fed.Cir.1998).
The Board was entitled to weigh the persuasiveness of the Kings’ lay testimony against the other evidence in the record. It was not permitted, however, to ignore that evidence merely because it was lay evidence. And, it was wrong to characterize that evidence as neither “competent” nor “probative.”
II
Despite this clear disregard of governing law, the majority attempts to salvage the Veterans Court’s ruling, and that of the Board before it, by characterizing them as saying something different than they do. First, the majority says the Veterans Court did not “ignore the precedent of Jandreau.” Majority at 11. It is hard to see how that can be so, however, when that Court not only failed to cite Jandreau and its progeny, but cited to contrary case law of its own which Jandreau overruled.
Next, the majority says that neither the Board nor the Veterans Court “deemed lay evidence categorically incompetent.” Ma *1348 jority at 11. Again, it is hard to accept this proposition when the Board opinion expressly states that Mr. King’s lay evidence was rejected solely because it was lay evidence. The Board made clear its view that “lay evidence does not constitute competent medical evidence” and, “lacks probative value” when assessing medical causation. This rejection of Mr. King’s lay evidence — once more based on outdated and long-since rejected legal authority— could hardly be more categorical.
The Veterans Court erred as a matter of law by endorsing the Board’s refusal to consider the Kings’ lay testimony. Because the Veterans Court has, once more, chosen to ignore our binding, repeated case law to the contrary, we should reverse its decision and remand this matter for reconsideration and application of correct governing legal principles.

. In fact, the language used by the Board here is strikingly similar to that which it used in Davidson. There, the Board said:
In this case, there is no indication that the appellant is other than a layperson without the appropriate medical training and expertise, so she is not competent to provide a probative (persuasive) opinion on a medical matter such as the etiology of a disability. In re Davidson, No. 02-16 322 (Bd. Vet.App. June 28, 2007). I struggle to understand how the outcome here is different when the Board gave lay testimony the same treatment it did in Davidson (i.e., because the witnesses lacks medical credentials, their testimony is not probative).