Citation Nr: 1527842 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 09-01 516 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia


THE ISSUES

1. Entitlement to service connection for a psychiatric disability, to include as secondary to service-connected tinea versicolor. 

2. Entitlement to service connection for a headache disability, to include as secondary to service-connected tinea versicolor. 

3. Entitlement to service connection for a dental disability, for compensation and treatment purposes.


WITNESS AT HEARING ON APPEAL

Appellant
ATTORNEY FOR THE BOARD

L. A. Rein, Counsel


INTRODUCTION

The Veteran served on active duty from October 1978 to November 1981.

This matter comes before the Board of Veterans' Appeals (Board) from a July 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia.

In March 2011, the Veteran testified at a hearing before the undersigned Veterans Law Judge at the RO. A transcript of that hearing is of record. 

In September 2011, the Board found that new and material evidence had been received to reopen a claim for service connection for a psychiatric disability and remanded the claims for additional development.

In a January 2014 decision, the Board found that new and material evidence had been received to reopen a claim for service connection for a headache disability and remanded that issue and the other claims listed on the title page for additional development. 


REMAND

A remand by the Board confers on the Veteran, as a matter of law, the right to compliance with the remand. Stegall v. West, 11 Vet. App. 268 (1998).

In January 2014, the Board remanded these matters with the specific instruction that the Veteran was to be asked to submit any outstanding pertinent private treatment records, particularly with respect to a dental disability. Alternatively, he was to be asked to provide information to identify and locate any such records and authorize their release to VA. Although the Veteran was provided with a March 2015 notice letter of VA examinations that would be scheduled in the future, the letter did not comply with the Board's January 2014 remand instructions as to providing the Veteran with notice of identifying any outstanding private treatment records. Thus, the Board has no alternative but to remand these matters to ensure that the Veteran is provided with the previously requested notice. 

Furthermore, the Board instructed that the Veteran was to be provided a VA psychiatric examination to address, among other issues, whether the Veteran has a psychiatric disability, other than PTSD, that was caused by or aggravated by service-connected tinea versicolor. In April 2015, the Veteran underwent a VA mental disorders examination in which the Veteran was diagnosed with unspecified anxiety disorder. The examiner opined that none of the Veteran's medical diagnoses appeared to be relevant to his mental health diagnosis. It was the examiner's opinion that the Veteran's unspecified anxiety disorder was not caused by or related to any military stressor, nor to the Veteran's service connected medical condition. The examiner noted that in talking with the Veteran, he did not claim that his anxiety was directly related to his military service or his medical condition. However, that opinion does not address the issue of aggravation. As a result, because the examiner only addressed the causation aspect of secondary service connection, and did not address the aggravation aspect, the examination is incomplete. 38 C.F.R. § 3.310 (2014). The phrases "caused by" and "related to" do not address the aggravation aspect of secondary service connection. Allen v. Brown, 7 Vet. App. 439 (1995).

In addition, the Veteran was provided a VA examination to determine whether he had a headache disability related to service or that was caused or aggravated by service-connected tinea versicolor. An April 2015 VA examination report shows that the examiner opined that the claimed condition was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in-service injury, event or illness. The examiner continued that he reviewed the conflicting medical evidence. The examiner noted that when asked about tinea versicolor, the Veteran responded that he did not have tinea versicolor. Examination of the chest and back revealed the presence of spider hemangiomata, reflective of the Veteran's current liver disease. There was no evidence currently of tinea versicolor. When asked if any rash could be related to the headache, the Veteran responded in the negative. The deficiency in the examination is that the Board requested a medical opinion whether headaches were caused by or aggravated by service-connected tinea versicolor, which, based on the medical evidence of record, suggests that it is not continuously present. Whether the Veteran thinks that his headaches are caused or aggravated by his service-connected tinea versicolor is outside the realm of knowledge from a lay person without medical training. Medical disorders such as headaches can have many causes and required medical expertise to diagnose. Espiritu v. Derwinski, 2 Vet. App. 492 (1992); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007)

Accordingly, as the Veteran has not yet been provided VA examinations that adequately address the issues presented, to include fully explained rationales, the Board finds that a remand is necessary in order to obtain supplemental opinions from the April 2015 VA examiners. Once VA provides an examination, even if not required to do so, an adequate one must be produced. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). When medical evidence is inadequate, VA must supplement the record by seeking an advisory opinion or ordering another medical examination. Colvin v. Derwinski, 1 Vet. App. 171 (1991); Hatlestad v. Derwinski, 3 Vet. App. 213 (1992). 

Lastly, with regard to the dental disability claim, the Board notes that effective February 29, 2012, the regulations provide that the Veterans Benefits Administration (VBA) will adjudicate a claim for service connection of a dental condition for treatment purposes only after the Veterans Health Administration (VHA) has made a determination regarding basic eligibility under the requirements of 38 C.F.R. § 17.161. 38 C.F.R. § 3.381(a) (2014). To date, there has been no eligibility determination made by VHA regarding dental treatment. In order to afford the Veteran due process, the issue must be returned for proper consideration by VHA. 

Accordingly, the case is REMANDED for the following actions:

1. Provide the Veteran with an opportunity to identify and authorize VA to obtain any outstanding VA or non-VA medical records pertaining to his claims on appeal, to include the dental disability claim. The Veteran should be advised that in the alternative, he may obtain and submit those records.

2. In accordance with the amended regulations of C.F.R. § 3.381, effective February 29, 2012, send the Veteran's claim of entitlement to service connection for a dental disability to VHA to determine if the Veteran meets the basic eligibility requirements of 38 C.F.R. § 17.161.

3. Forward the entire claims file to the examiner who prepared the April 2015 VA mental disorders examination for a supplemental opinion. If the prior examiner is unavailable, or is unable to provide the requested supplemental opinion without examining the Veteran, schedule the Veteran for a VA psychiatric examination, by a medical doctor, to obtain the information requested. The examiner must review the claims file and that review must be noted in the report. The examination report should include discussion of the Veteran's documented medical history and assertions. All necessary tests and studies should be accomplished. The examiner should set forth all examination findings, with a clear rationale for the conclusions reached. The examiner should reconcile the opinion with all other opinions of record.

(a) The examiner should opine whether it is at least as likely as not (50 percent or greater probability) that any diagnosed psychiatric disability, currently anxiety disorder, is proximately due to or caused by service-connected tinea versicolor. 

(b) The examiner should opine whether it is at least as likely as not (50 percent or greater probability) that the Veteran's has a psychiatric disability that is aggravated (increased in severity beyond the natural progress of the condition) by service-connected tinea versicolor disability.

(c) If it is determined that there is another likely etiology for any psychiatric disability found, that should be stated.

4. Forward the entire claims file to the examiner who prepared the April 2015 VA headaches examination for a supplemental opinion. If the prior examiner is unavailable, or is unable to provide the requested supplemental opinion without examining the Veteran, schedule the Veteran for an appropriate VA examination, by a medical doctor, to obtain the information requested. The examiner must review the claims file and that review must be noted in the report. The examination report should include discussion of the Veteran's documented medical history and assertions. All necessary tests and studies should be accomplished. The examiner should set forth all examination findings, with a clear rationale for the conclusions reached. The examiner should reconcile the opinion with all other opinions of record.

(a) The examiner should opine whether it is at least as likely as not (50 percent or greater probability) that any diagnosed headache disability is proximately due to or caused by the service-connected tinea versicolor or any psychiatric disability. 

(b) The examiner should opine whether it is at least as likely as not (50 percent or greater probability) that the Veteran's has a headache disability that is aggravated (increased in severity beyond the natural progress of the condition) by service-connected tinea versicolor disability or any psychiatric disability. If aggravation is found, the examiner should attempt to quantify the degree of additional disability resulting from the aggravation. 38 C.F.R. § 3.310 (2014).

(c) If it is determined that there is another likely etiology for any headache disability found, that should be stated.

5. Then, readjudicate the claims. If any decision remains adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).