Citation Nr: 1045621 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 08-19 713 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, 
Minnesota


THE ISSUE

Entitlement to service connection for a left knee disorder.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the 
United States


ATTORNEY FOR THE BOARD

M. Moore, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1967 to 
September 1971.

This matter comes before the Board of Veterans' Appeals (Board) 
on appeal from a June 2007 rating decision of the Department of 
Veterans Affairs (VA) Regional Office (RO) in St. Paul, 
Minnesota, which granted service connection for tinnitus, a 
corneal scar of the right eye, and a scar of the inferior portion 
of the chin/neck area; and denied service connection for 
bilateral hearing loss, a left knee condition, a low back 
condition, Agent Orange exposure, and asbestos exposure. In 
April 2008, the Veteran submitted a notice of disagreement for 
the issues of service connection for a low back disorder and a 
left knee disorder. He subsequently perfected his appeal in 
July 2008.

In June 2010, the Board denied the Veteran's claim of entitlement 
to service connection for a low back disorder and remanded his 
claim of entitlement to service connection for a left knee 
disorder to the Appeals Management Center (AMC) for further 
evidentiary development, including scheduling a VA examination. 
The Board is obligated by law to ensure that the AMC complies 
with its directives; where the remand orders of the Board are not 
complied with, the Board errs as a matter of law when it fails to 
ensure compliance. See Stegall v. West, 11 Vet. App. 268 (1998).

A review of the record shows that the Veteran was provided a VA 
examination for his left knee disorder in July 2010. Thereafter, 
the AMC readjudicated his claim in a September 2010 supplemental 
statement of the case. Accordingly, all remand instructions 
issued by the Board have been complied with and this matter is 
once again before the Board.


FINDING OF FACT

The preponderance of the evidence is against a finding that a 
left knee disorder is the result of a disease or injury in active 
duty service.




CONCLUSION OF LAW

A left knee disorder was not incurred in or aggravated by service 
and arthritis of the left knee may not be presumed to be. 
38 U.S.C.A. §§ 1110, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 
3.303, 3.304 (2010).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has thoroughly reviewed all the evidence in the 
Veteran's claims file. While the Board has an obligation to 
provide reasons and bases supporting this decision, there is no 
need to discuss, in detail, the evidence submitted by the Veteran 
or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 
(Fed. Cir. 2000) (the Board must review the entire record, but 
does not have to discuss each piece of evidence). The analysis 
below focuses on the most salient and relevant evidence and on 
what this evidence shows, or fails to show, on the claim. The 
Veteran must not assume that the Board has overlooked pieces of 
evidence that are not explicitly discussed herein. See 
Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires 
only that the Board address its reasons for rejecting evidence 
favorable to the Veteran).

The Board must assess the credibility and weight of all evidence, 
including the medical evidence, to determine its probative value, 
accounting for evidence which it finds to be persuasive or 
unpersuasive, and providing reasons for rejecting any evidence 
favorable to the Veteran. Equal weight is not accorded to each 
piece of evidence contained in the record; every item of evidence 
does not have the same probative value. When all the evidence is 
assembled, the Board is responsible for determining whether the 
evidence supports the claim or is in relative equipoise, with the 
Veteran prevailing in either event, or whether a preponderance of 
the evidence is against a claim, in which case, the claim is 
denied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990).



I. Veterans Claims Assistance Act of 2000 (VCAA)

With respect to the Veteran's claim decided herein, VA has met 
all statutory and regulatory notice and duty to assist 
provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 
5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 
3.326 (2010).

Under the VCAA, when VA receives a complete or substantially 
complete application for benefits, it is required to notify the 
claimant and his representative, if any, of any information and 
medical or lay evidence that is necessary to substantiate the 
claim. See 38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. 
§ 3.159(b) (2010); Quartuccio v. Principi, 16 Vet. App. 183 
(2002). In Pelegrini v. Principi, 18 Vet. App. 112, 120-21 
(2004) (Pelegrini II), the United States Court of Appeals for 
Veterans Claims (Court) held that VA must inform the claimant of 
any information and evidence not of record (1) that is necessary 
to substantiate the claim; (2) that VA will seek to provide; and 
(3) that the claimant is expected to provide. Prior to initial 
adjudication of the Veteran's claim, a letter dated in March 2007 
fully satisfied the duty to notify provisions. See 38 U.S.C.A. 
§ 5103(a) (West 2002); 38 C.F.R. § 3.159(b)(1) (2010); Quartuccio 
at 187.

The March 2007 letter also informed the Veteran of how VA 
determines the appropriate disability rating and effective date 
to be assigned when a claim is granted, consistent with the 
holding in Dingess/Hartman v. Nicholson. See Dingess/Hartman v. 
Nicholson, 19 Vet. App. 473 (2006).

The Board also concludes VA's duty to assist has been satisfied. 
The Veteran's service treatment records, July 2010 VA examination 
report, and all obtainable private treatment records are in the 
file. The Veteran has at no time referenced outstanding records 
that he wanted VA to obtain or that he felt were relevant to the 
claim.

With regard to claims for service connection, the duty to assist 
also includes providing a medical examination or obtaining a 
medical opinion when such is necessary to make a decision on the 
claim, as defined by law. The case of McLendon v. Nicholson, 20 
Vet. App. 79 (2006), held that an examination is required when 
there is (1) evidence of a current disability, (2) evidence 
establishing an "in-service event, injury or disease," or a 
disease manifested in accordance with presumptive service 
connection regulations occurred which would support incurrence or 
aggravation, (3) an indication that the current disability may be 
related to the in-service event, and (4) insufficient evidence to 
decide the case.

The record indicates that the Veteran underwent a VA examination 
for his left knee in July 2010, and the results from that 
examination have been included in the claims file for review. 
The examination involved a review of the claims file, a thorough 
examination of the Veteran, and an opinion that was supported by 
sufficient rationale. Therefore, the Board finds that the 
examination is adequate for rating purposes. See Barr v. 
Nicholson, 21 Vet. App. 303, 311 (2007) (affirming that a medical 
opinion is adequate if it provides sufficient detail so that the 
Board can perform a fully informed evaluation of the claim). 
Given the foregoing, the Board finds that the VA has 
substantially complied with the duty to obtain the requisite 
medical information necessary to make a decision on the Veteran's 
claim for service connection for a left knee disorder.

As there is no indication that any failure on the part of VA to 
provide additional notice or assistance reasonably affects the 
outcome of this case, the Board finds that any such failure is 
harmless. See Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 
2006); Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on 
other grounds.

II. Merits of the Claim

The Veteran alleges that he currently suffers from a left knee 
disability as a result of his active military service. 
Specifically, he claims that he was treated in service for a left 
knee injury and that his current left knee disability is related 
to his March 1969 in-service complaints of abrasions and 
contusions of the knees. He, therefore, believes that service 
connection is warranted.

Service connection may be established for a disability resulting 
from personal injury suffered or disease contracted in the line 
of duty in the active military, naval, or air service. See 
38 U.S.C.A. § 1110 (West 2002). However, that an injury or 
disease occurred in service is not enough; there must also be a 
chronic disability resulting from that injury or disease. If 
there is no showing of the chronic disability during service, 
then a showing of continuous symptoms after service is required 
to support a finding of chronicity. See 38 C.F.R. § 3.303(b) 
(2010). Service connection may also be granted for any injury or 
disease diagnosed after discharge, when all the evidence, 
including that pertinent to service, establishes that the disease 
or injury was incurred in service. See 38 C.F.R. § 3.303(d) 
(2010).

In order to establish service connection for a disability, there 
must be (1) medical evidence of a current disability; (2) medical 
or, in certain circumstances, lay evidence of in-service 
incurrence or aggravation of a disease or injury; and (3) medical 
evidence of a nexus between the claimed in-service disease or 
injury and the current disability. See Hickson v. West, 12 Vet. 
App. 247, 253 (1999).

Where a veteran served continuously for 90 days or more during a 
period of war, or during peacetime service after December 31, 
1946, and certain diseases, such as arthritis, become manifest to 
a degree of 10 percent or more within 1 year from date of 
termination of such service, such disease shall be presumed to 
have been incurred in service, even though there is no evidence 
of such disease during the period of service. See 38 U.S.C.A. 
§§ 1101, 1112, 1113 (West 2002 & Supp. 2009); 38 C.F.R. §§ 3.307, 
3.309 (2010).

Initially, the Board notes that there is no indication that the 
Veteran was treated for or diagnosed with arthritis of the left 
knee within a year of service so as to support a grant of service 
connection on a presumptive basis. See 38 U.S.C.A. §§ 1101, 
1112, 1113 (West 2002 & Supp. 2009); 38 C.F.R. §§ 3.307, 3.309 
(2010). As such, the Veteran is not afforded the presumption of 
service connection for arthritis of the left knee. See 38 C.F.R. 
§ 3.307 (2009).

Notwithstanding the foregoing law and regulations pertaining to 
presumptive service connection, a veteran is not precluded from 
establishing service connection for diseases not subject to 
presumptive service connection with proof of actual direct 
causation. See Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994). 
Thus, the Board will proceed with a decision on the issue of a 
left knee disability based on the holding in Combee.

The Veteran's post-service private treatment records show various 
left knee diagnoses, including medial and lateral meniscal tears, 
an anterior cruciate ligament tear, and degenerative joint 
disease. See Tria Orthopedic Center treatment record, 
September 2006. Additionally, x-rays taken at the July 2010 VA 
examination showed tricompartment degenerative arthrosis with 
greater involvement in the patellofemoral and medial 
compartments. As such, the first element of Hickson is met.

A review of the Veteran's service treatment records indicates 
that he was treated for abrasions and contusions of both knees in 
March 1969. Thus, the second element of Hickson is met.

Although an in-service injury and current disability have been 
established, as noted above, this is not sufficient to warrant 
service connection. There still must be competent medical 
evidence of a nexus between the Veteran's in-service complaint of 
abrasions and contusions of the knees and his current left knee 
disability. See Hickson, supra.

As referenced above, the Veteran underwent a VA examination for 
his left knee in July 2010. The examiner reviewed the Veteran's 
claims file, including his in-service treatment for abrasions and 
contusions of the knees and post-service treatment for the left 
knee. He thoroughly examined the Veteran, obtained x-rays of the 
left knee, and noted the Veteran's reports of chronic left knee 
problems since military service. X-rays revealed hypertrophic 
spurring of the patella, particularly in the post and lateral 
margin, with associated irregularity and hypertrophic spurring of 
the anterior articular aspects of the femoral condyles, and 
marked narrowing of the medial joint compartment, resulting in 
mild varus deformity. The examiner concluded that these findings 
reflected degenerative joint disease of the left knee. He opined 
that this current left knee diagnosis was not related to the 
Veteran's military service as the Veteran had limited complaints 
of left knee problems in service and his separation examination 
showed a normal left knee. He opined that the Veteran's in-
service complaints had most likely resolved with self-limited 
conditions. As such, the examiner was unable to find a medical 
nexus between the Veteran's military service and his current left 
knee condition.

In this case, the only evidence which purports to link the 
Veteran's current left knee disability to his in-service 
complaint of a left knee injury consists of the statements of the 
Veteran and his representative. However, it is now well 
established that laypersons, such as the Veteran and his 
representative, without medical training are not competent to 
relate those symptoms to a specific etiology. See Espiritu v. 
Derwinski, 2 Vet. App. 492 (1992); see also 38 C.F.R. § 3.159 
(a)(1) (2010) (competent medical evidence means evidence provided 
by a person who is qualified through education, training, or 
experience to offer medical diagnoses, statements, or opinions). 
While the Veteran can describe what he experiences, he is not 
able to provide competent evidence as to the etiology of his left 
knee disability. His assertions are accorded less weight than 
the competent medical evidence, the July 2010 VA examiner's 
opinion, that is against his claim. Competent evidence linking 
the Veteran's disability to service is lacking in this case.

The Board is aware of the provisions of 38 C.F.R. § 3.303(b), 
referenced above, relating to chronicity and continuity of 
symptomatology. However, there is no competent and credible 
evidence that the Veteran was treated for symptoms related to his 
low back until 30 years after separation from service. See 
Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (noting 
that it was proper to consider the veteran's entire medical 
history, including the lengthy period of absence of complaint 
with respect to the condition he now raised). Although the 
Veteran claims that he has experienced left knee pain since 
service, he did not report seeking medical treatment for his left 
knee until August 2005. Additionally, the Veteran did not report 
any residual knee problems at his August 1971 separation 
examination, two years after his in-service complaints of a knee 
injury. Further, there is no indication that the Veteran 
reported a 35 year history of left knee pain when seeking 
treatment for his left knee in 2005 and 2006. The Board finds 
that the absence of complaints and reported history of chronic 
left knee pain at separation and prior to the filing of the 
present claim contradicts the Veteran's current claims of 
continuous left knee pain since service. In this case, the Board 
places greater weight of probative value on the Veteran's failure 
to report a history of chronic knee pain to medical professionals 
in the past than it does on his recent statements to VA in 
connection with his claim for monetary benefits. See Curry v. 
Brown, 7 Vet. App. 59, 68 (1994) (contemporaneous evidence has 
greater probative value than history as reported by the veteran); 
see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) (VA 
cannot ignore a veteran's testimony simply because the veteran is 
an interested party; personal interest may, however, affect the 
credibility of the evidence). As the Veteran's reports of 
continuous left knee pain have been contradicted by the evidence 
and as there is no other evidence to support such a contention, 
the medical nexus element of Hickson cannot be met via continuity 
of symptomatology.

As explained above, the competent medical evidence of record does 
not demonstrate that there is a relationship between the 
Veteran's active duty service, including his March 1969 complaint 
of a left knee injury, and his current left knee disorder. 
Although the Board notes the Veteran's current disability and in-
service injury, without evidence of a medical nexus, service 
connection cannot be granted.

Accordingly, the Board finds that the claim of entitlement to 
service connection for a left knee disorder must be denied. In 
reaching this conclusion, the Board has considered the 
applicability of the benefit-of-the-doubt doctrine. However, as 
the preponderance of the evidence is against the Veteran's claim 
of entitlement to service connection, that doctrine is not 
applicable. See 38 U.S.C.A. § 5107(b) (West 2002); 38 C.F.R. 
§ 3.102 (2010); see also Ortiz v. Principi, 274 F.3d 1361, 1365 
(Fed. Cir. 2001).

ORDER

Entitlement to service connection for a left knee disorder is 
denied.


____________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals


 Department of Veterans Affairs