Citation Nr: 1331565 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 09-13 812 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

Sarah Richmond, Counsel



INTRODUCTION

The Veteran had active military service from September 1966 to September 1969.

This matter comes to the Board of Veterans' Appeals (Board) from an October 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois. The Board notes that the Veteran has relocated to Michigan but that the RO in Chicago apparently presently retains jurisdiction over his claim.

The Board has remanded this case twice, in March 2012 and again in February 2013. The directives of the Board's remands have been substantially complied with.


FINDING OF FACT

The evidence of record shows the Veteran's exposure to acoustic trauma in military service, but current testing does not reveal a hearing loss disability for which service connection can be granted under applicable VA regulation.


CONCLUSION OF LAW

The Veteran does not have a bilateral hearing loss disability that is the result of disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1111, 1112, 1113, 5103, 5103A, 5107 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.385 (2013).






REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duty to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) enhanced VA's duty to notify and assist claimants in substantiating a claim for VA benefits, as codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.159, 3.326(a) (2013).

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his representative of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide in accordance with 38 C.F.R. § 3.159(b)(1) (2010). This notice must be provided prior to an initial unfavorable decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

If complete notice is not provided until after the initial adjudication, such a timing error can be cured by subsequent legally adequate VCAA notice, followed by readjudication of the claim, as in a Statement of the Case (SOC) or SSOC. Moreover, where there is an uncured timing defect in the notice, subsequent action by the RO which provides the claimant a meaningful opportunity to participate in the processing of the claim can prevent any such defect from being prejudicial. Mayfield v. Nicholson, 499 F.3d 1317, 1323-24 (Fed. Cir. 2007); Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006).

The U.S. Supreme Court has held that an error in VCAA notice should not be presumed prejudicial, and that the burden of showing harmful error rests with the party raising the issue, to be determined on a case-by-case basis. Shinseki v. Sanders, 129 S. Ct. 1696 (2009). In this case, the appellant has not demonstrated any prejudicial or harmful error in VCAA notice and, as discussed herein, the Board has not identified any.

In April 2006, VA sent the Veteran a letter informing him of the types of evidence needed to substantiate his claim and its duty to assist him in substantiating his claim under the VCAA. The letter informed the Veteran that VA would assist him in obtaining evidence necessary to support him claim, such as medical records, employment records, or records from other Federal agencies. He was advised that it is his responsibility to provide or identify, and furnish authorization where necessary for the RO to obtain, any supportive evidence pertinent to his claim. See 38 C.F.R. § 3.159(b)(1). 

The Board finds that the content of the letter provided to the Veteran complied with the requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) regarding VA's duty to notify and assist. It appears that all obtainable evidence identified by the Veteran relative to his claim has been obtained and associated with the claims file, and that neither he nor his representative has identified any other pertinent evidence, not already of record, which would need to be obtained for a fair disposition of this appeal. It is therefore the Board's conclusion that the Veteran has been provided with every opportunity to submit evidence and argument in support of his claims, and to respond to VA notices.

In addition, to whatever extent the decision of the Court in Dingess v. Nicholson, 19 Vet. App. 473 (2006) requires more extensive notice in claims for compensation, e.g., as to potential downstream issues such as disability rating and effective date, the Veteran was provided with such notice in an April 2006 VA letter sent to him.

With regard to the duty to assist, VA obtained the Veteran's service treatment records (STRs) and VA treatment records. The Veteran also was afforded VA examinations in April 2012 and May 2013 addressing the disability on appeal. A medical opinion is adequate when it is based upon consideration of the appellant's prior medical history and examinations and also describes the disability in sufficient detail so that the Board's "evaluation of the claimed disability will be a fully informed one." Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (quoting Green v. Derwinski, 1 Vet. App. 121, 124 (1991). The audiometric examination was conducted by a medical professional and the examination demonstrated objective evaluations. However, the examining audiologists were not able to assess and record the condition of the appellant's auditory acuity because of the Veteran's non-compliance with testing.

The Veteran's representative stated on a July 2013 VA Form 646 that it was requested that the Veteran be provided with a proper audiology examination since the test used for the opinion was deemed invalid for rating purposes. However, the Veteran has been given at least two chances and has not cooperated with the testing procedures so that a proper examination can be provided. 

Therefore, while the audiometric examination report was not sufficiently detailed with clinical findings, this was not the fault of the examiner, but the Veteran. As the Veteran has not been cooperative in his claim, the Board finds that additional development by way of another examination would be redundant and unnecessary. See 38 C.F.R. § 3.326 and 38 C.F.R. § 3.327 and Green v. Derwinski, supra. Therefore, the Board concludes that the appellant was afforded an adequate examination. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). 

Accordingly, we find that VA has satisfied its duty to assist the Veteran in apprising him as to the evidence needed, and in obtaining evidence pertinent to his claim under the VCAA, as to the issues decided in the present decision. Therefore no useful purpose would be served in remanding this matter for yet more development. Such a remand would result in unnecessarily imposing additional burdens on VA, with no additional benefits flowing to the Veteran. The Court of Appeals for Veteran Claims has held that such remands are to be avoided. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

II. Analysis

The Veteran seeks service connection for bilateral hearing loss. In-service noise exposure has been conceded, as the Veteran's military occupational service in Vietnam was a motor vehicle operator. He also has been granted service connection for tinnitus.

The remaining issue to be resolved is whether the Veteran presently has a hearing loss disability related to this in-service noise exposure. 

Service connection may be granted for disability which is the result of disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303(a) (2013).

Where there is a chronic disease shown as such in service or within the presumptive period under 38 C.F.R. § 3.307 so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. This rule does not mean that any manifestation in service will permit service connection. To show chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." When the disease identity is established, there is no requirement of evidentiary showing of continuity. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Service connection may be granted for disease that is diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 U.S.C.A. § 1113(b); 38 C.F.R. § 3.303(d).

The Court of Appeals for Veterans Claims has held that, in order to prevail on the issue of service connection, there must be: (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. Hickson v. West, 12 Vet. App. 247, 253 (1999).

In addition, the law provides that, where a veteran served ninety days or more of active military service, and certain chronic diseases, including organic diseases of the nervous system, which includes sensorineural hearing loss, become manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. Id.

As the Veteran's claimed sensorineural hearing loss is an organic disease of the nervous system, it is a chronic disease under 38 C.F.R. § 3.309(a), and the provisions of 38 C.F.R. § 3.303(b) pertaining to continuity of symptomatology apply in the instant case. 

To establish service connection for a disability, symptoms during service, or within a reasonable time thereafter, must be identifiable as manifestations of a chronic disease or permanent effects of an injury. Further, a present disability must exist at some point during the claim process, and it must be shown that the present disability is the same disease or injury, or the result of disease or injury incurred in or made worse by the appellant's military service. Rabideau v. Derwinski, 2 Vet. App. 141, 143 (1992); 38 C.F.R. § 3.303(a); McClain v. Nicholson, 21 Vet. App. 319 (2007).

It is the Board's responsibility to evaluate the entire record on appeal. See 38 U.S.C.A. § 7104(a). When there is an approximate balance in the evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the Court of Appeals for Veterans Claims held that an appellant need only demonstrate that there is an "approximate balance of positive and negative evidence" in order to prevail. The Court has also stated, "It is clear that to deny a claim on its merits, the evidence must preponderate against the claim." Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert.

The determination of whether a veteran has a ratable hearing loss "disability" is governed by 38 C.F.R. § 3.385, which states that hearing loss will be considered to be a disability (for VA purposes) when the threshold level in any of the frequencies 500, 1000, 2000, 3000, and 4000 Hz is 40 decibels or greater; or the thresholds for at least three of these frequencies are 26 decibels or greater; or speech recognition scores utilizing recorded Maryland CNC word lists are less than 94 percent. 38 C.F.R. § 3.385.

The Court has indicated that, "when audiometric test results at a veteran's separation from service do not meet the regulatory requirements for establishing a 'disability' at that time, he or she may nevertheless establish service connection for a current hearing disability by submitting evidence that the current disability is causally related to service." Hensley v. Brown, 5 Vet. App. 155, 160 (1993). The Court held that the threshold for normal hearing is from 0 to 20 decibels and that higher threshold levels indicate some degree of hearing loss. Hensley, 5 Vet. App. at 157. The Court further held that 38 C.F.R. § 3.385 operates only to establish when a hearing loss can be service connected. Hensley at 159. It was also found that, regardless of when the criteria of 38 C.F.R. § 3.385 are met, a determination must be made as to whether the hearing loss was incurred in or aggravated by service.

The Veteran has been scheduled for two VA examinations, in April 2012 and May 2013. However, both examiners determined that the test results were not valid for rating purposes. The April 2012 examiner noted that the Veteran offered thresholds that would suggest a moderate to moderately-severe sensorineural hearing loss, but denied any hearing difficulty. He also did not have any difficulty understanding the examiner and conversed easily during the interview. The May 2013 examiner also noted that the Veteran communicated with ease at conversational levels during the initial case history, both face-to-face, and when the speaker's face could not be seen. However, pure tone thresholds volunteered by the Veteran under insert earphones were judged to be inconsistent and also did not agree with the Veteran's speech reception threshold. Despite re-instruction the Veteran continued to offer inconsistent responses. He was re-tested under headphones and volunteered thresholds that again were inconsistent and not in agreement with the volunteered speech reception threshold. Speech testing was not performed due to time constraints and inconsistent behavioral responses.

It appears that the audiological testing has been invalid for rating purposes due to noncooperation from the Veteran. The evidence of record as it stands does not show a current hearing loss disability. If this should change in the future, the Veteran is encouraged to file an application to reopen. 

As noted above, in order for service connection to be warranted for a claimed condition, there must be evidence that such disability is now present and is attributable to a disease or injury incurred during service. See Rabideau and McClain, supra.

The clinical evidence of record indicates that the Veteran's bilateral hearing loss does not meet the standard found in 38 C.F.R. § 3.385 for a current hearing loss disability for VA purposes. The absence of any evidence of any qualifying bilateral hearing loss disability for VA purposes at any time constitutes negative evidence tending to disprove the claim that the appellant incurred any such condition during his active service. See Forshey v. West, 12 Vet. App. 71, 74 (1998), aff'd sub nom. Forshey v. Principi, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (noting that the definition of evidence encompasses "negative evidence" which tends to disprove the existence of an alleged fact.

The Board has considered the Veteran's written statements submitted in support of his arguments that he has bilateral hearing loss as a result of his service. To the extent that his statements represent evidence of continuity of symptomatology, without more, the Veteran's statements are not competent evidence of a diagnosis of hearing loss, nor do they establish a nexus between a medical condition and his military service. Although lay evidence is acceptable to prove the occurrence of an injury during active duty or symptomatology over a period of time when such symptomatology is within the purview of or may be readily recognized by lay persons, lay testimony is not competent to prove a matter requiring medical expertise. See Espiritu v. Derwinski, 2 Vet. App. 492, 494-495 (1992).

Furthermore, Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The regulation at 38 C.F.R. § 3.385 defines hearing disability for VA purposes. That regulation prohibits a finding of hearing disability where threshold hearing levels at 500, 1000, 2000, 3000, and 4000 Hz are all less than 40 decibels and at least three of those threshold levels are 25 decibels or less. Hensley v. Brown, supra. The regulation also allows a finding of a hearing disability when speech recognition scores using the Maryland CNC test are less than 94 percent, but no such results are of record.

Although the Veteran has shown exposure to acoustic trauma in service, the audiometric testing conducted for VA has revealed that the Veteran has not been cooperative with testing and therefore, a reliable examination to establish the presence of a bilateral hearing loss disability has not been provided. Accordingly, there is no evidence that the Veteran currently has any bilateral hearing loss disability that meets the criteria set forth in 38 C.F.R. § 3.385. Therefore, his claim for service-connected disability benefits for bilateral hearing loss cannot be granted.

The Board recognizes the sincerity of the arguments advanced by the Veteran that he has bilateral hearing loss that is related to his military service. It is true that a Veteran's lay statements may be competent to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability or symptoms of disability subject to lay observation. 38 U.S.C.A. § 1153(a); 38 C.F.R. §§ 3.303(a), 3.159(a); see Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006) (addressing lay evidence as potentially competent to support presence of disability even where not corroborated by contemporaneous medical evidence). However, as noted by the Court in Hensley, supra, hearing loss is measurable by objective testing. Furthermore, such testing requires specialized equipment and training for a determination as to decibel levels at specific frequencies, as well as Maryland CNC testing, and is therefore not susceptible to lay opinions on the severity of hearing loss. See Lendenmann v. Principi, 3 Vet. App. 345 (1992), as to the high probative value of audiometric test results. 

While the Veteran is competent to say that he experienced hearing problems in his ears while in service and presently, he does not have the expertise to state that he met the requirements of 38 C.F.R. § 3.385; audiometric testing would be required. See Davidson v. Shinseki, 581 F.3d 1313 (Fed Cir. 2009). Thus, the Board cannot give decisive probative weight to the opinions of the Veteran as to the severity of his claimed hearing loss, because he is not qualified to offer such opinions.

For the above reasons, the Board finds that the preponderance of the evidence is against the Veteran's bilateral hearing loss claim. Because the preponderance of the evidence is against the claim for service connection for bilateral hearing loss, the benefit-of-the-doubt doctrine is inapplicable, and the claim on this basis must be denied. 38 U.S.C.A. § 5107(b); Gilbert, supra. 


ORDER

Entitlement to service connection for bilateral hearing loss is denied.



____________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs