Citation Nr: 1719099 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 12-03 515 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Hartford, Connecticut


THE ISSUE

Entitlement to service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD), anxiety and schizophrenia.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C. Kersten, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1965 to June 1967, including service in the Republic of Vietnam from November 1965 to November 1966.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office in Hartford, Connecticut, that, in pertinent part, denied entitlement to service connection for schizophrenia and PTSD. 

The Board notes that the Veteran requested a videoconference hearing before the Board, which was scheduled for January 2013. The Veteran did not appear for the scheduled hearing, but on the day of the hearing, sent correspondence via his representative asking to withdraw his request for a hearing and requesting that VA obtain additional records and readjudicate the issues under appeal. 

In November 2013, the Board remanded this matter for additional development. 


FINDINGS OF FACT

1. There is no competent evidence of record showing that the Veteran has ever been diagnosed with PTSD. 

2. Schizophrenia and anxiety were not manifest in service, or for many years after discharge from service, and there is no competent evidence supporting a nexus to service for either disability.


CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disability, to include PTSD, anxiety and schizophrenia, have not been met. 38 U.S.C.A. §§ 1101, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2016).
REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

Pursuant to the Veterans Claims Assistance Act (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 (2016).

VA's duty to notify was satisfied by a letter dated November 2010. See 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

The duty to assist the Veteran in the development of his claim has also been met. This duty includes assisting him in the procurement of pertinent medical records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. In this case, the RO has obtained and associated with the claims file the Veteran's available service treatment records (STRs), VA treatment records, and private treatment records. The RO attempted to obtain private treatment records from the Natchaug Hospital, and received a response that it did not find any records pertaining to the Veteran in its files. Also, in February 2012, a request for additional records from Manchester Memorial Hospital resulted in a response that the requested records had been "destroyed per record retention requirements."
The Veteran has not identified any additional outstanding records that have not been requested or obtained. 

The Veteran was also afforded VA compensation and pension PTSD examination in November 2010. The Board finds that the examination report and its addendum are adequate to decide the merits of the case because the examiner was provided with an accurate history, the Veteran's history and complaints were recorded, and the examination report set forth detailed examination findings with adequate bases for the opinions stated therein. See 38 C.F.R. § 3.159(c)(4) (2016); Barr v. Nicholson, 21 Vet. App. 303, 307 (2007).

The Board acknowledges that the Veteran has not been afforded a VA examination to specifically address schizophrenia or anxiety. Under the law, an examination or medical opinion is considered necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but (1) contains competent lay or medical evidence of a current diagnosed disability or persistent or recurrent symptoms of disability; (2) establishes that the veteran suffered an event, injury, or disease in service; and, (3) indicates that the claimed disability or symptoms may be associated with the established event, injury, or disease in service or with another service-connected disability. McLendon v. Nicholson, 20 Vet. App. 79 (2006); 38 C.F.R. § 3.159(c)(4) (2016).

In this case, a VA examination is unnecessary to decide the service-connection claim as to schizophrenia or anxiety, as this would not provide any more pertinent information than is already associated with the claims file. As will be explained below, the Veteran has not been shown to have an in-service event, injury, or disease or a diagnosis of anxiety or psychosis (schizophrenia) manifested in accordance with presumptive service connection regulations for chronic diseases relating to his period of service from July 1965 to June 1967. Therefore, because the evidence preponderates against the finding of an in-service event, or the onset of symptoms within the statutory period relative to service, the Board finds that a VA examination is unnecessary. 38 C.F.R. § 3.159 (c)(4)(i) (2016).

Neither the Veteran nor his representative has advanced any procedural arguments in relation to VA's duty to notify and assist. See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015) (holding that "absent extraordinary circumstances . . . we think it is appropriate for the Board and the Veterans Court to address only those procedural arguments specifically raised by the veteran. . . .").

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated during service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2016). That determination requires a finding of current disability that is related to an injury or disease in service. Watson v. Brown, 4 Vet. App. 309 (1993); Rabideau v. Derwinski, 2 Vet. App. 141 (1992). Service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury that was incurred or aggravated in service. 38 C.F.R. § 3.303(d) (2016). Additionally, for Veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, such as psychosis, are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from service. 38 U.S.C.A. §§ 1101, 1137; 38 C.F.R. §§ 3.307, 3.309. However, PTSD and anxiety are not classified as psychoses, and may not be granted on a presumptive basis.

Alternatively, when a disease listed in 38 C.F.R. § 3.309 (a) is not shown to be chronic during service or the one year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Establishment of service connection for PTSD in particular requires: (1) medical evidence diagnosing PTSD; (2) credible supporting evidence that the claimed in-service stressor actually occurred; and (3) medical evidence of a link between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304(f) (2016).

The first requirement for any service connection claim is evidence of a disability. Boyer v. West, 210 F.3d 1351 (Fed. Cir. 2000); Brammer v. Derwinski, 3 Vet. App. 223 (1992).

Lay evidence is competent to establish the presence of observable symptomatology and "may provide sufficient support for a claim of service connection." Layno v. Brown, 6 Vet. App. 465, 469 (1994). When a condition is capable of lay observation and may be diagnosed by its unique and readily identifiable features, the presence of the disorder is not a determination "medical in nature." Lay evidence can be competent and sufficient to establish a diagnosis when a layperson (1) is competent to identify the medical condition; or, (2) is reporting a contemporaneous medical diagnosis; or, (3) describes symptoms at the time which supports a later diagnosis by a medical professional. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Although a lay person is competent in certain situations to provide a diagnosis of a simple condition, a lay person is not competent to provide evidence as to more complex medical questions. See Woehlaert v. Nicholson, 21 Vet. App. 456 (2007). Likewise, mere conclusory or generalized lay statements that a service event or illness caused a current disability are insufficient. Waters v. Shinseki, 601 F.3d 1274, 1278 (2010). 

The Board must weigh any competent lay evidence and to make a credibility determination as to whether it supports a finding of service incurrence; or, if applicable, continuity of symptomatology; or both, sufficient to establish service connection. See Barr v. Nicholson, 21 Vet. App. 303 (2007); see also Layno v. Brown, 6 Vet. App. 465 (1994). The credibility of lay evidence may not be refuted solely by the absence of corroborating contemporaneous medical evidence, but it is a factor. Davidson v. Shinseki, 581 F.3d at 1313, 1316 (Fed.Cir. 2009). Other credibility factors are the lapse of time in recollecting events attested to, prior conflicting statements as opposed to consistency with other statements and evidence, internal consistency, facial plausibility, bias, interest, the length of time between alleged incurrence of disability and the earliest or first corroborating medical or lay evidence thereof, and statements given during treatment (which are usually given greater probative weight, particularly if close in time to the onset thereof). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).




Analysis

The Veteran contends that he incurred PTSD as a result of his service in Vietnam. He has also contended that his diagnosed schizophrenia and anxiety are the result of his time on active duty and the stress he encountered while serving in Vietnam. He has stated that he did not experience anxiety prior to service, and that he has experienced anxiety and panic attacks since he returned from service in Vietnam. 

During the course of his claim, the Veteran has provided several written statements regarding his contentions. In November 2010, the Veteran asserted his belief that his diagnosis of schizophrenia many years after service is related to his time in Vietnam, and he described an experience in which he fired at a small boy. In February 2012, the Veteran submitted a statement regarding being shot down near the Cambodian border in 1966, and contended that he "suffered" from 1967 to 1986 without knowing what was wrong with him. He related his "nervous breakdown" and hospitalization in 1987, a separate hospitalization, and continued treatment for anxiety and panic attacks, to stress from his missions in Vietnam. In another statement submitted in August 2014, the Veteran discussed several events from his service in Vietnam which he associated with his PTSD. 

The Veteran's STR's contain a report of examination for induction dated July 1965, wherein his vision is the only defect or diagnosis noted. In a report of medical history dated August 1965, the physician noted "no significant abnormalities." 

The Veteran's post-service medical records include hospitalization records from Manchester Memorial Hospital dating from October 1986, when the Veteran was admitted with a tentative diagnoses of "acute psychotic breakdown, rule-out schizophrenia, paranoid type". The staff psychiatrist noted that he had been treating the Veteran over the preceding year, and confirmed that the veteran had been hospitalized at the Natchaug Hospital several months prior with a diagnosis of atypical psychosis. Tentative diagnoses of "atypical psychosis" and "rule out schizophrenia" were identified. A later treatment record dating from September 1991 for diabetic ketoacidosis, lists "chronic schizophrenia, controlled" as a discharge diagnosis. 

VA Medical Center treatment notes dated from October 2010 to May 2011 show that the Veteran received private treatment for schizophrenia and anxiety. A PTSD screening was performed in October 2011, and the results were negative for PTSD.

Private treatment records from psychiatrist Dr. LY reflect an initial psychiatric evaluation in May 2010 with follow-on treatment through November 2012 for a diagnosis of "late-onset schizophrenia." The evaluation report states that the Veteran had seen his previous treating psychiatrist for 10 years. Dr. LY noted a long history of schizophrenia, which was well-controlled with medications, going back to age 44 (more than 20 years). She noted that the Veteran began taking medication for anxiety at some point during that period, but he did not recall when. The report notes that the Veteran served in Vietnam, but that he reported no PTSD, no PTSD symptoms, and that he did not feel that war experiences bothered him. Progress notes from December 2010, include a review of his experiences in Vietnam as well as PTSD symptoms. He reported that right after the war, he experienced an increased startle response and more arousal, and but denied having them currently, stating the memories did not affect him on a "big scale." No diagnosis of PTSD was provided.

As noted above, in November 2011, the Veteran was afforded a VA PTSD examination. At his examination the Veteran reported that while serving as a corpsman with the 1st Cavalry Division, he was exposed to frequent combat, and on one occasion, while acting as a helicopter gunner, he was ordered to shoot at a Vietnamese man and his boy as they emerged from a hut. Though he did not see what happened, he later had intrusive thoughts regarding whether he might have shot the boy. He denied dreaming about it, and denied flashbacks, hypervigilance or avoidant symptoms. The Veteran made no report of having experienced anxiety at any time during or following service.

The VA examiner administered the PCL-M assessment test for PTSD, and found that the Veteran scored below the cut-off score for PTSD. The VA examiner noted that test findings were consistent with information gathered during the interview, that the test results were in a range that is characteristic of patients without a diagnosis of PTSD. Further, he found that the pattern among the psychometric findings did not support a diagnosis of PTSD. In sum, the examiner found, the Veteran "does not meet the DSM-IV criteria for PTSD."

The Veteran also discussed his history of schizophrenia, and the VA examiner noted that records of treatment for schizophrenia were not available, but that if confirmed by the records, a diagnosis of schizophrenia might be appropriate. In September 2011 the VA examiner submitted an addendum report after reviewing additional private treatment records relating to schizophrenia. The VA examiner found the newly obtained evidence weighed in favor of a diagnosis of schizophrenia, but he did not find sufficient evidence to support a diagnosis. 

In April 2012, the Veteran began to receive counseling at the Hartford Vet Center. His intake evaluation noted that a friend had recommended he visit the Center to meet people. He discussed his time in Vietnam, but did not discuss any stressors, except to say that he has a memory of destroying a village, but wasn't sure whether it was real or a dream. He reported that upon return from Vietnam, he was "numb" and spent time with his family. His post-military life included being met by friends and working successfully. He discussed his diagnosis of schizophrenia and the episode of onset while golfing, describing returning to golf as the hardest thing he'd ever done. The counselor's report described him as trying to forget about Vietnam. During the course of his counseling at the Vet Center, from April through November 2012, the Veteran occasionally referred to his experiences in Vietnam, and referred to his seeing people shot as a part of his role as a corpsman, having his helicopter crash, and friends dying. He stated that talking about Vietnam caused him anxiety and stomach pain. There is no diagnosis of PTSD in these records.

PTSD

The threshold question is whether the Veteran has a psychiatric disability, to include PTSD. Brammer v. Derwinski, 3 Vet. App. 223 (1992). 

The Board has considered the Veteran's contention that he suffers from PTSD, but finds that it lacks probative value, as competent medical evidence is required to establish a PTSD diagnosis. 38 C.F.R. § 3.304(f) (2016); Woehlaert v. Nicholson, 21 Vet. App. 456 (2007). Competent medical evidence means that which is provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. 38 C.F.R. § 3.159(a) (2016). The Veteran does not possess education or professional experience in mental healthcare. As the Veteran is not demonstrated to have such expertise, his contention regarding that he has PTSD is not competent and has no probative value to support the necessary element of a current diagnosis of PTSD. 38 C.F.R. § 3.159(a); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 

The Board finds that the probative medical evidence of record regarding a diagnosis of PTSD is the November 2011 VA PTSD examination, which found that the Veteran does not have a diagnosis of PTSD. Also of note is the October 2011 VA primary care screening, which while not a diagnosis, indicated negative markers for PTSD. There is no medical evidence of record supporting a diagnosis of PTSD, and the Veteran has not identified any outstanding relevant evidence with regard to the question. Without a finding that the Veteran has a diagnosis of PTSD, service connection for the disorder cannot be awarded. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992) (in the absence of proof of a present disability, there can be no valid claim). 

Anxiety

With regard to a diagnosis of anxiety, the Board notes that while there is no evidence of record showing that any of the above-mentioned treating psychiatrists provided a specifically articulated diagnosis of anxiety in their reports, the record contains discussion of anxiety in treatment notes. In addition, VA treatment records from the period of the pendency of the claim have consistently reported a past medical history of both schizophrenia and anxiety. Thus, the Board acknowledges the existence of a diagnosis of anxiety for the purposes of establishing entitlement to service connection for an acquired psychiatric disorder. McClain v. Nicholson, 21Vet. App. 319. 

Turning to the next essential element of direct service connection, the incurrence or aggravation of the current disability in service, the Board finds that the preponderance of the evidence weighs against the Veteran's claim as it relates to anxiety. The Veteran's STR's are negative for complaints, symptoms, diagnoses, or other evidence of anxiety during service. Rather, the medical evidence of record reflects the onset of anxiety many years after service, during the 1985-1986 timeframe. Anxiety is noted in the Veteran's medical treatment records in connection with his treatment for schizophrenia. The Veteran has neither provided nor identified medical evidence showing the incurrence of anxiety during service or before 1985.

The only evidence showing the onset of psychiatric symptoms, to include anxiety prior to 1985 are the Veteran's own lay statements. In adjudicating a claim the Board must assess the competence and credibility of the Veteran. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362 (2005). Here, the Board acknowledges that the Veteran is competent to give evidence about what he observes or experiences concerning his anxiety. Layno v. Brown, 6 Vet. App. 465 (1994). While the Board is not free to disregard the Veteran's lay statements and contentions relating to his symptoms, the Board is obliged to weigh those statements against the other relevant evidence of record. See Layno v. Brown, 6 Vet. App. 465(1994).

The Veteran, in reporting of his medical history for the purpose of treatment did not describe any symptoms of anxiety or psychosis prior to their diagnoses in or around 1985. It is not until after the Veteran filed his claim for service connection that he reported having experienced anxiety immediately following his return from Vietnam. The May 2010 psychiatric evaluation by Dr. YL is silent as to any psychiatric symptoms prior to approximately 1985. However, it does include discussion of the Veteran's service in Vietnam, noting that "after discharge, he did not develop any PTSD and does not feel that war experience bothered him." During his November 2010 VA PTSD examination, the Veteran did not report experiencing anxiety at any time, whether in service or after discharge. In his November 2010 statement, the Veteran noted that he was not injured in service and did not experience a "stress disorder" until "some years later." However, in February 2012, he contended that he "suffered" from 1967 through 1986, and that due to anxiety and panic attacks, he sought the help of a psychiatrist. As noted above, there is no evidence of record showing treatment for any psychiatric symptoms prior to approximately 1985. 

Given the above, the Board finds that the history provided to physicians and treatment providers indicating an absence of any significant psychiatric symptoms, including anxiety, during service or following his return from service in Vietnam, along with an absence of medical evidence indicating symptomatology of anxiety prior to approximately 1986, and the Veteran's failure to identify anxiety as a problem prior to the filing of his claim, weigh heavily against the probative value of his later statements indicating that he experienced anxiety and panic attacks consistently since service. See Rucker v. Brown, 10 Vet. App. 67 (1997) (statements made to physicians for purposes of diagnosis and treatment are exceptionally trustworthy because the declarant has a strong motive to tell the truth in order to receive proper care); Struck v. Brown, 9 Vet. App. 145 (1996) (statements made while seeking medical treatment are significant and given significant weight and credibility because they were made at a time when there is no incentive, financial or otherwise, to fabricate information for personal gain.) 

Significantly, the Board notes that there is no medical evidence or opinion of record to support a finding of a medical nexus between the Veteran's diagnosed anxiety and his period of service. Noting again that the Veteran's statements regarding his observable symptoms of anxiety qualify as probative evidence, to the extent that he asserts that his anxiety is related to service, the Board affords little probative weight to his statements, as the Veteran has not been shown to possess the requisite medical expertise to provide such a complex medical opinion. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Therefore, the Board finds that the Veteran does not meet the criteria for service connection for an acquired psychiatric disorder on the basis of his diagnosed anxiety. The probative weight of the evidence indicates that the Veteran did not incur an anxiety-related disorder during service, and his anxiety is not otherwise related to service. See 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102 (2016). 
Schizophrenia

With regard to a diagnosis of schizophrenia, the Board finds that the evidence of record supports a finding that the Veteran has a competent current diagnosis of schizophrenia. The record includes diagnoses of schizophrenia provided by two treating psychiatrists, and indicates successful continued control of symptoms with on-going use of medication for many years. The Board finds these medical opinions persuasive and finds no basis on which to challenge their competence. See McClain v. Nicholson, 21Vet. App. 319 (2007).

As discussed above, evidence of the of the current disability's incurrence in or relation to service is an essential element of direct service connection, and here, the Board finds that the preponderance of the evidence weighs against the Veteran's claim for direct service connection as it relates to schizophrenia. The Veteran's STR's are negative for complaints, symptoms or diagnoses of psychosis, to include schizophrenia. Schizophrenia became manifest many years after service, as documented previously herein. The Veteran has not stated that he experienced psychotic symptoms or symptoms associated with his diagnosis of schizophrenia prior to 1986. Medical treatment records support the conclusion that schizophrenia did not manifest for many years following service, and there is no competent medical evidence of record to contradict these findings. The passage of many years between service separation and medical documentation of a claimed disability is evidence against a claim of service connection. Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000). Significantly, there is no medical evidence drawing an etiological relationship between the Veteran's diagnosed schizophrenia and service. The Veteran's lay assertions of a causal connection between service and his later diagnosed schizophrenia is given little probative value by the Board, as schizophrenia is a complex medical condition, requiring extensive training and expertise to assess. See Woehlaert v. Nicholson, 21 Vet. App. 456 (2007). 

The Board acknowledges that the Veteran's service qualifies him for consideration under the presumptions set forth in 38 C.F.R. §§ 3.307 and 3.309 for chronic diseases, to include psychosis. Pursuant to 38 C.F.R. § 3.384, schizophrenia is identified as a psychosis. Nevertheless, the evidence does not support a finding that schizophrenia was manifest to a degree of 10 percent or more within a year from the date of the Veteran's separation from service. Though the Veteran has asserted that he has experienced anxiety dating from service and his anxiety is related to his schizophrenia, the Board finds that his lay opinion as to an etiological connection between his observable symptoms of anxiety and schizophrenia is not competent to establish such a complex medical question, as the Veteran has not been shown to possess the requisite medical expertise to provide such a complex medical opinion. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Espiritu v. Derwinski, 2 Vet. App. 492, 494 (1992). 

Thus, the Board finds that service connection for an acquired psychiatric disorder for schizophrenia is not warranted, on either a direct or presumptive basis. 

Accordingly, for the reasons stated above, the Board finds that the preponderance of the evidence is against the claim for service connection for an acquired psychiatric disorder, to include PTSD, anxiety and schizophrenia. As the evidence is not in relative equipoise, the benefit of the doubt rule does not apply. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. 



ORDER

Service connection for an acquired psychiatric disability, to include PTSD, anxiety, and schizophrenia is denied.



____________________________________________
LESLEY A. REIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs